UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM SIM SPENCER,

                    Plaintiff,                                        Hon. Janet T. Neff

v.                                                                           Case No. 1:16-CV-1465

RICHARD SNYDER, et al.,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff initiated this matter on December 28, 2016, against: (1) Richard Snyder, Governor of the State of Michigan; (2) William Schuette, Michigan Attorney General; (3) Robert Cooney, Grand Traverse County Prosecuting Attorney; and (4) Kenneth Smith, Sex Offender Registration Unit State Enforcement Coordinator.  Plaintiff alleges that he faces unlawful prosecution for failure to comply with provisions of the Michigan Sex Offender Registration Act.  As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Having conducted this review, the undersigned recommends that this matter be dismissed for failure to state a claim.  The undersigned further recommends that Plaintiff's accompanying Motion for Temporary Restraining Order, (ECF No. 3), be denied.

## **LEGAL STANDARD**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

-2-

A claim or action is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In this context, frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

## ANALYSIS

In 1994, Michigan enacted the Sex Offender Registration Act (SORA) which permitted state officials to create and maintain a registry of convicted sex offenders. *See Does #1-5 v. Snyder*, 834 F.3d 696, 697 (6th Cir. 2016).  In 2006, Michigan amended SORA to prohibit sex offenders from "living, working, or 'loitering' within 1,000 feet of a school." *Id.* at 698.  In 2011, Michigan again amended SORA to impose additional registration requirements on sex offenders, such as requiring offenders "to appear in person 'immediately' to update information such as new vehicles or 'internet identifiers' (*e.g.*, a new email account)." *Id.*  In *Does #1-5*, the Sixth Circuit concluded that the 2006 and 2011 amendments to SORA were punitive and that, as a result, retroactive application of those particular provisions and requirements to individuals convicted prior to their enactment, violated the constitutional right to not be subjected to ex post facto laws. *Id.* at 705-06.

Plaintiff concedes that he is a sex offender having been convicted in 2001 of Second Degree Criminal Sexual Conduct.[1]  (ECF No. 3 at PageID.25).  Plaintiff asserts that he was assured by a judge and prosecutor that because he "was convicted of a sex crime BEFORE the 2006 and 2011 ex post facto amendments to SORA were enacted, that [he] was not in danger of prosecution for non-compliance." (ECF No. 1 at PageID.4).  Plaintiff was nevertheless arrested on or about December 22,

---

[1]  Specifically, Plaintiff pleaded guilty to eight counts of Second Degree Criminal Sexual Conduct for engaging in sexual contact with four girls, all of whom were under the age of 13.  *See Spencer v. Cason*, 1:04-cv-566, dkt. #64 (W.D. Mich.).

2016, for failing to: (1) "verify his address" and (2) "pay the registration fee" as required by SORA. (ECF No. 4-1 at PageID.46).  Plaintiff argues that because he committed his sex offense prior to the 2006 and 2011 amendments to SORA, his recent arrest violated his constitutional rights.  Plaintiff further argues that any future prosecution on this charge likewise constitutes a violation of his constitutional rights.  Plaintiff, therefore, initiated the present action seeking an injunction against the enforcement as to him of the 2006 and 2011 SORA amendments.  Plaintiff also seeks monetary damages for his allegedly illegal arrest.

Plaintiff's claim severely misunderstands the Sixth Circuit's decision in *Does #1-5*.  In that case, the Sixth Circuit did not find unconstitutional or unenforceable SORA itself, only the amendments to SORA enacted in 2006 and 2011.  As evidenced by the arrest warrant, Plaintiff was arrested for failure to "verify his address" and "pay the registration fee" as required by SORA.  Neither of these requirements, however, are part of the 2006 and 2011 amendments which the Sixth Circuit found unconstitutional.

The requirement, under SORA, that Plaintiff verify his address was in effect in 2001 when Plaintiff committed his crimes.  *See* Mich. Comp. Laws §§ 28.725, 28.729 (2001).  Because the registration requirement was in effect when Plaintiff committed criminal sexual conduct in 2001, Plaintiff's arrest for such raises no ex post facto concerns.  The requirement that Plaintiff pay a registration fee was added to the statute in 2004.  *See* 2004 Mich. Legis. Serv. P.A. 237 Pub. Acts 237; Mich. Comp. Laws § 28.725a(7) (2005).  While the registration fee requirement was added to SORA after Plaintiff committed his 2001 offenses, Plaintiff has failed to identify (and the Court has been unable to locate) any authority holding or supporting the proposition that the retroactive application of

the registration fee provision violates the ex post facto clause or any other law or constitutional provision.

In sum, the allegations in Plaintiff's complaint fail to state a claim on which relief may be granted.  Plaintiff's complaint is also subject to dismissal for another reason.  In his complaint, Plaintiff makes allegations against the law enforcement official who arrested him, but Plaintiff makes no allegations of wrongdoing against any of the named defendants.  Thus, as to the defendants named in Plaintiff's complaint, Plaintiff has failed to state a claim.  *See Spencer v. Bouchard*, 449 F.3d 721, 730 (6th Cir. 2006) (liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior).

Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.  Because Plaintiff's complaint fails to state a claim, the undersigned further recommends that Plaintiff's motion for a temporary restraining order, (ECF No. 3), be denied on the ground that Plaintiff cannot demonstrate that he is likely to prevail on any of his claims.  *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  The undersigned further recommends that Plaintiff's motion for temporary restraining order, (ECF No. 3), be denied.  Finally, the undersigned recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  December 29, 2016                                      /s/ Ellen S. Carmody
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge